UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD ORENS,

        Plaintiff,

    v.

AMHERST POLICE DEPARTMENT, *et al.*,

        Defendants.

20-CV-778-LJV-LGF
DECISION & ORDER

---

        On January 14, 2020, the plaintiff, Richard Orens, commenced this action in New York State Supreme Court, Erie County. Docket Item 1-1. He has sued the Amherst Police Department and the Town of Amherst (the "Amherst defendants") as well as Erie County Central Police Services ("Erie County CPS"), the Erie County Sheriff's Office, and the County of Erie (the "Erie defendants"). Docket Item 1-6. And he alleges that the defendants violated his federal and state constitutional rights and New York State law by detaining and incarcerating him based on an invalid arrest warrant in January 2019. *See id.*

        Because Orens's claims were brought under 42 U.S.C. § 1983 as well as under state law, the Erie defendants removed the case to this Court on June 23, 2020. Docket Item 1. A day later, the Erie defendants moved to dismiss Orens's claims against them under Federal Rule of Civil Procedure 12(b)(6). Docket Item 2. Orens responded to that motion on August 29, 2020, and the Erie defendants replied on September 1, 2020. Docket Items 11, 13.

In the meantime, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 5.  On June 17, 2022, Judge Foschio issued a Report and Recommendation ("R&R") finding that the Erie defendants' motion should be granted.  Docket Item 16.

Orens objected to the R&R on July 1, 2022, and the Erie defendants responded to Orens's objection on July 6, 2022.[1]  Docket Items 17, 20.  Orens did not reply, and the time to do so has expired.  See Docket Item 18.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection and response; and the materials submitted to Judge Foschio.  Based on that *de novo* review, the Court accepts and adopts Judge Foschio's recommendation to grant the Erie defendants' motion to dismiss.[2]

---

[1] Orens filed a corrected objection on July 5.  Docket Item 19.

[2] Judge Foschio also recommended dismissing the Amherst defendants' crossclaims against the Erie defendants.  Docket Item 16 at 17.  No party objected to that recommendation, so this Court need not review it.  See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  Accordingly, the Amherst defendants' crossclaims against the Erie defendants are dismissed.

**FACTUAL BACKGROUND**[3]

On January 14, 2019, Orens "was stopped while driving a motor vehicle" in Kenmore, New York, because of "an improper license[] pla[te]" which had "paint peeling from the plate and an expired inspection sticker." Docket Item 1-6 at ¶ 8. "During the investigation" for that improper license plate, Orens "was informed by [o]fficers of the Kenmore Police Department that he had an active [a]rrest [w]arrant in the Town of Amherst" for "the charge of [i]ssuing a [b]ad [c]heck in violation of" New York Penal Law § 190.05 and that "he was wanted by the Amherst Police Department for th[at] charge." *Id.* Orens consequently "was placed in custody by the Village of Kenmore Police Department and turned over to the Town of Amherst Police Department." *Id.* at ¶ 14.

After Orens was taken into custody, he "appeared in the Town of Amherst Justice Court . . . where [the presiding judge] informed [Orens] that he had not been arraigned for the charge of [i]ssuing a [b]ad [c]heck." *Id.* Orens then "was remanded to the [c]ustody of the Sheriff of Erie County," where "he remained in custody from January 14, 2019[,] to January 17, 2019." *Id.* at ¶ 15. At that point, "the 'charge' was 'dismissed' pursuant to Section 30.30 of the Criminal Procedure Law." *Id.* (quotation marks in original); *see* N.Y. Crim. Proc. Law § 30.30 (speedy trial and time limitations).

---

[3] The Court assumes familiarity with the facts alleged in the complaint, *see* Docket Item 1-6, and Judge Foschio's analysis in the R&R, *see* Docket Item 16. Accordingly, the Court provides only a brief recitation of those facts relevant to Orens's objection. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

But Orens never should have been arrested in 2019 for issuing a bad check. That charge had been "legally closed" when Orens pleaded guilty to "two [] charges of [i]ssuing a [b]ad [c]heck" back in 2003. *Id.* at ¶¶ 8, 11. Orens had been sentenced to two to four years' imprisonment on those two charges and had long completed that sentence when he was stopped in 2019. *Id.* at ¶¶ 11-12.

According to Orens, his arrest on the invalid warrant was the result of "[t]he actions of the Town of Amherst Police Department," which "enter[ed] [Orens's] name for an 'active warrant' into [the] New York State Spectrum Justice System [] and in turn the Federal Bureau of Investigation National Crime Information Center [] for a criminal case that was disposed of years earlier." *Id.* at ¶ 16. And Orens says that Erie County CPS, an entity that "was established to provide support services to law enforcement and criminal justice agencies on a countywide basis," was negligent in providing those services to the Amherst Police Department and "not reviewing the data for accuracy." *Id.* at ¶¶ 17-18.

About a year after Orens's arrest and incarceration on the invalid arrest warrant, he commenced this case in New York State Supreme Court, Erie County. Docket Item 1-1. Orens brings eight claims: (1) false arrest, (2) false imprisonment, (3) abuse of process, (4) negligent infliction of emotional distress, (5) double jeopardy, (6) "civil rights violations pursuant to 42 [U.S.C.] § 1983," (7) constitutional tort, and (8) municipal liability.[4] Docket Item 1-6.

---

[4] While Orens styles his "civil rights violations" and "municipal liability" claims as standalone causes of action, those claims are theories of liability asserted against the Erie defendants based on alleged underlying violations of federal and state law. *See* Docket Item 1-6 at ¶¶ 77-82, 89-94.

**LEGAL PRINCIPLES**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

I.  **ORAL ARGUMENT**

As an initial matter, Orens argues that Judge Foschio "erred in failing to grant [Orens's m]otion for [o]ral [a]rgument."[5] Docket Item 19 at ¶ 7. Orens maintains that Judge Foschio erred in issuing the R&R "with[out] the assistance of wise and learned legal arguments from all counsel at bar." *Id.* at ¶ 12. And he observes that "[Orens's] [c]ounsel could not in real time" answer any of Judge Foschio's potential questions and could not "attack[ the] opposing legal arguments of the [d]efendants in their filed paperwork and oral argument." *Id.* at ¶ 14.

---

[5] On August 29, 2020, Orens filed a motion for oral argument. Docket Item 12. That motion offered no reason why oral argument "would have assisted [Judge Foschio] [by] amplifying all the parties' papers [] filed in this [a]ction." Docket Item 19 at ¶ 14; *see also* Docket Item 12.

Because Judge Foschio's decision to deny Orens's request for oral argument was not clearly erroneous, *see* 28 U.S.C. § 636(b)(1)(A), Orens's objection to the R&R on this score lacks merit. As Judge Foschio explained, "oral argument [is] scheduled in the court's discretion." *See* Docket Item 15 (citing *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 448 (2d Cir. 1995)). And in his objection, Orens offers nothing more than his own conclusory assertions that Judge Foschio's decision to issue an R&R without oral argument "prejudiced" him. *See, e.g.*, Docket Item 19 at ¶ 14 (generally describing possible benefits of oral argument). The decision to not hear oral argument was well within Judge Foschio's discretion, and there is no reason to revisit that decision here.

## II.     ORENS'S FEDERAL AND STATE LAW CLAIMS

More substantively, Orens objects to Judge Foschio's recommendations to dismiss his claims against Erie County CPS and the Erie County Sheriff's Office, his section 1983 claims against Erie County, and his state law claims against all Erie defendants. *See* Docket Item 19 at ¶¶ 15-29, 32. None of Orens's arguments warrant denying the Erie defendants' motion.

### A.     Claims Against Erie County Central Police Services and the Erie County Sheriff's Office

Judge Foschio recommended dismissing Orens's claims against Erie County CPS and the Erie County Sheriff's Office because those entities "are administrative arms of Erie County and[ therefore] cannot be sued." Docket Item 16 at 11. Orens contends that Judge Foschio's "finding . . . that [Erie County CPS] is a division of the Erie County Sheriff's Department may be in error." Docket Item 19 at ¶ 32. Orens

6

offers a "screen capture" of an Erie County website to support that argument, *id.*, although he does not explain or elaborate on the significance of that screen shot.

As Judge Foschio correctly concluded, only a county itself—not an administrative arm of the county—is a viable defendant, and other courts have dismissed claims against the administrative arms of a county because those entities are not themselves amenable to suit. *See* Docket Item 16 at 10-11 (collecting cases). And even if Orens is correct that Erie County CPS is not a "division of the Erie County Sheriff's Department," he has not offered anything to suggest that Erie County CPS is not an administrative arm of *Erie County* itself. So this Court agrees with Judge Foschio that Orens's claims against Erie County CPS and the Erie County Sheriff's Office are not viable.

## B.     Section 1983 Claims

A municipality cannot be held liable under section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Judge Foschio recommended dismissing Orens's claims against Erie County because Orens had not sufficiently alleged that any policy or custom of Erie County "was the moving force behind [his] alleged injury." Docket Item 16 at 13 (quoting *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011)).

In his objection, Orens offers a one-paragraph quotation from *Maine v. Thiboutot*, 448 U.S. 1 (1980), apparently for the general proposition that municipalities do not enjoy

7

qualified immunity for constitutional violations.  See Docket Item 19 at ¶¶ 15-17.  True enough, but that nonspecific objection does not address Judge Foschio's conclusion that Orens's section 1983 claims against Erie County must be dismissed because "they are not predicated on any plausibly alleged unconstitutional policy or practice."  Docket Item 16 at 15.  And this Court agrees with Judge Foschio on that score:  Orens's section 1983 claims, which hinge on a single example of purported misconduct, are insufficient under Monell.  See generally Cowan v. City of Mount Vernon, 95 F. Supp. 3d 624, 637 (S.D.N.Y. 2015) ("Generally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (alterations and internal quotation marks omitted)).

C. **State Law Claims**

Judge Foschio also concluded that Erie County "cannot be held vicariously liable for the acts of the Sheriff's deputies alleged as violations of state law" and therefore recommended dismissing Orens's remaining state law claims against Erie County.[6] Docket Item 16 at 17.  As Judge Foschio noted, other courts in this Circuit have concluded that counties are not liable for the tortious conduct of their sheriff or sheriff's

---

[6] Judge Foschio also recommended, in the alternative, declining to exercise supplemental jurisdiction over Orens's state law claims against the Erie defendants. Docket Item 16 at 15-16.  Because federal claims remain against the Amherst defendants, however, this Court may lack the discretion to decline to exercise supplemental jurisdiction.  See Mejia v. Davis, 2018 WL 333829, at *7 (S.D.N.Y. Jan. 8, 2018) ("The Second Circuit has made clear that a district court may not decline to exercise jurisdiction over state law claims where federal claims remain against other defendants and the state law claims form part of the same case or controversy." (internal quotation marks omitted)); see also Oladokun v. Ryan, 2011 WL 4471882, at *11 (S.D.N.Y. Sept. 27, 2011) (collecting cases).  So this Court follows Judge Foschio's alternative recommendation to dismiss Orens's state law claims.

deputies and therefore granted motions to dismiss on that ground.  *See, e.g.*, *Belsito v. County of Erie*, 2019 WL 6292143, at *4 (W.D.N.Y. Nov. 25, 2019) (collecting cases).

Orens does not address Judge Foschio's recommendation on that score or otherwise explain how Erie County can be liable for his claims; instead, Orens's objection largely recycles arguments from his response brief verbatim.  *Compare, e.g.*, Docket Item 19 at ¶¶ 19-24 (arguing that "the [c]omplaint has met all of the above four (4) elements for [f]alse [a]rrest and/or [f]alse [i]mprisonment, especially the element that the confinement was not otherwise privileged" and quoting *People v. Jennings*, 54 N.Y.2d 518, 430 N.E.2d 1282 (1981); *People v. Watson*, 100 A.D.2d 452, 474 N.Y.S.2d 978 (2d Dep't 1984); *United States v. Santa*, 180 F.3d 20 (2d Cir. 1999); and *State v. Moore*, 260 N.J. Super. 12 (N.J. Super. Ct. App. Div. 1992)), *with* Docket Item 11-1 at ¶¶ 13-18 (arguing that "the [c]omplaint has met all of the above four (4) elements for [f]alse [a]rrest and/or [f]alse [i]mprisonment, especially the element that the confinement was not otherwise privileged" and quoting the same four cases).  For that reason alone, Orens's arguments are insufficient.  *See Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments."); *see also Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.").

And even if the County could be held liable in this case for the tortious conduct of its sheriff and sheriff's deputies, all of Orens's claims are deficient for other reasons as well.

### 1.     False Arrest/False Imprisonment

First, Orens has failed to state a viable claim for false arrest or false imprisonment.[7]  "Under New York law, to prevail on a claim for false arrest, a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'"  *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021) (alterations omitted) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003)).

According to Orens, he was taken into Erie County custody only after he was "placed in custody by the Village of Kenmore Police Department," "turned over to the Town of Amherst Police Department," arraigned in "the Town of Amherst Justice Court" on the charge, and "remanded to the [c]ustody of the Sheriff of Erie County."  Docket Item 1-6 at ¶¶ 14-15.  In other words, Orens was taken into Erie County custody only after one municipality's police department arrested him, another municipality's police department took him into custody, and a town judge arraigned him and remanded him into Erie County custody.

---

[7] Because false arrest and false imprisonment are "largely synonymous," this Court addresses those claims together.  See *Jenkins v. City of New York*, 478 F.3d 76, 88 n.10 (2d Cir. 2007).

10

Other courts have dismissed false arrest or false imprisonment claims against a county under similar circumstances. *See, e.g.*, *Bryant v. Monroe County*, 2022 WL 23221, at *7-8 (W.D.N.Y. Jan. 3, 2022) (collecting cases). That is because once an individual is remanded into county custody, New York law "require[s] [the county] to detain [that individual] until a court . . . order[s] his release." *See id.* (quoting *Maddox v. Fowler*, 2015 WL 4366222, at *9 (N.D.N.Y. July 16, 2015) (citing N.Y. Correct. Law § 500-c)). In other words, Orens's confinement was privileged as to Erie County because Orens was remanded into Erie County custody by a town judge, and Erie County and its sheriff could not release him from custody once he was remanded. *Id.* And while Orens suggests that Erie County has some freestanding duty to inquire about the circumstances of every person taken into Erie County custody, *see* Docket Item 1-6 at ¶ 19, he does not argue that the County or its sheriff could have released him or that state law did not require his detention after he was remanded. Because Orens's confinement by Erie County was privileged, his claim for false arrest or false imprisonment cannot proceed against Erie County. *See Ashley*, 992 F.3d at 136.

### 2. Abuse of Process

Orens's abuse of process claim is likewise deficient. "Under New York law, a plaintiff may assert an abuse of process claim against a defendant who '(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Burton v. County of Westchester*, 2022 WL 2340478, at *6 (S.D.N.Y. June 29, 2022) (quoting *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003)). To allege a collateral objective, the

11

plaintiff must allege that the defendant "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Savino*, 331 F.3d at 77.

Even assuming that Orens has sufficiently alleged the first two elements of an abuse of process claim, any such claim founders on the third. "To plead a collateral objective, a plaintiff must plausibly plead not that [the] defendant acted with an 'improper motive,' but rather an 'improper purpose.'" *Burton*, 2022 WL 2340478, at *6 (quoting *Savino*, 331 F.3d at 77). "Examples of collateral objectives can include 'infliction of economic harm, extortion, blackmail or retribution.'" *Id.* (quoting *Wagner v. Hyra*, 2021 WL 475331, at *8 (N.D.N.Y. Feb. 10, 2021)). "In other words, 'abuse of process resembles a form of extortion, by which the defendant invokes legal process to coerce the plaintiff into doing something *other than* what the process necessitates.'" *Folk v. City of New York*, 243 F. Supp. 3d 363, 375 (E.D.N.Y. 2017) (emphasis added) (alterations omitted) (quoting *Krebs v. United States*, 1999 WL 185263, at *5 (S.D.N.Y. Mar. 31, 1999)).

Orens has not alleged that Erie County or anyone affiliated with it had a collateral objective in Orens's prosecution. Instead, he has alleged at most that negligence on the part of Erie County employees resulted in his arrest and incarceration. *See, e.g.*, Docket Item 1-6 at ¶¶ 18 (alleging that Erie County CPS "was negligent in not reviewing the data for accuracy"), 20 (alleging that the Erie County Sheriff's Office "did not inquire and/or investigate the arrest warrant's legitimacy"). And Orens's conclusory allegations in his objection—that the Erie defendants "use[d] the criminal justice system" to deprive him of various constitutional rights, *see* Docket Item 19 at ¶ 26—are all related to his

prosecution and not "reasons wholly outside of [it]."[8]  See *Hoffman v. Town of Southampton*, 893 F. Supp. 2d 438, 448 (E.D.N.Y. 2012), *aff'd*, 523 F. App'x 770, 772 (2d Cir. 2013) (summary order) (affirming dismissal of abuse of process claim where the claimed collateral purposes "are directly related to the underlying litigation rather than collateral to it").  For that reason, Orens's abuse of process claim is not viable.

### 3. Negligent Infliction of Emotional Distress

Orens also asserts a claim for negligent infliction of emotional distress.  Docket Item 1-6 at ¶¶ 59-66.  "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021).  "To establish the fourth element, the plaintiff generally must plead that the breach endangered his physical safety or caused him to fear for his physical safety."  *Id.* at 81 n.57; *see also SB on behalf of AB v. Newark Cent. Sch. Dist.*, 2022 WL 541773, at *10 (W.D.N.Y. Feb. 23, 2022) ("Plaintiff['s] cause of action for negligent infliction of emotional distress requires [him] to show a breach of duty owed to [him] which unreasonably endangered [his]

---

[8] Orens's argument in his objection about his abuse of process claim largely quotes Justice Ginsburg's dissent in *Arizona v. Evans*, 514 U.S. 1 (1995), an appeal from the Arizona Supreme Court that involved the application of the exclusionary rule to "evidence seized . . . by an officer who acted in reliance on a police record indicating the existence of an outstanding arrest warrant." *Id.* at 3-4; *see* Docket Item 19 at ¶ 27.  The relevance of *Evans* to Orens's abuse of process claim under New York State law is unclear.

physical safety, or caused [him] to fear for [his] own safety." (internal quotation marks omitted)).

In their motion to dismiss, the Erie defendants contended that Orens "fail[ed] to allege that [he] was in physical danger or feared for his safety." Docket Item 2-1 at 12. Orens failed to address this argument in his response or objection, so this Court therefore could consider the point conceded. *See CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("[A] party may be deemed to have conceded an argument by failing to address it in its briefing."). In any event, this Court agrees with the Erie defendants: Orens has not alleged any facts "showing that he was endangered or feared for his safety" because of any breach of duty by the Erie defendants. *See Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119-20 (2d Cir. 2019) (summary order). Orens's negligent infliction of emotional distress claim therefore is dismissed.

### 4. Claims Under the New York State Constitution

Finally, Orens asserts claims for damages directly under the New York State Constitution. Docket Item 1-6 at ¶¶ 67-76, 83-88. "The New York State Constitution provides a private right of action where remedies are otherwise unavailable at common law or under § 1983." *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016) (summary order). The private right of action under the New York State Constitution "is a 'narrow remedy' available only when 'necessary to effectuate the purposes of the State constitutional protections that the plaintiff invokes' or 'appropriate to ensure full realization of the plaintiff's rights.'" *Biswas v. City of New York*, 973 F. Supp. 2d 504, 522 (S.D.N.Y. 2013) (alterations omitted) (quoting *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84,

761 N.E.2d 560, 563 (2001)).  Accordingly, a private cause of action under the New York State Constitution "is usually available only in cases in which a plaintiff[] . . . has no alternative remedy."  *Id.*

Orens has asserted claims for damages under section 1983 and New York State law related to his arrest, arraignment, and incarceration in 2019.  *See* Docket Item 1-6.  Those claims relate to the same conduct that Orens says also violated his rights under the New York State Constitution.  *See id.*  In light of those alternative remedies for the conduct challenged in this case, this Court declines to break new ground in state constitutional law and fashion a cause of action directly under the New York State Constitution.[9]  *See Biswas*, 973 F. Supp. 2d at 522 ("Actions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution."); *see also Wahad v. F.B.I.*, 994 F. Supp. 237, 240 n.4 (S.D.N.Y. 1998) ("Section 1983 need not provide the exact same standard of relief in order to provide an adequate remedy.").  Orens's claims brought directly under the New York State Constitution therefore are not viable.

---

[9] In his objection, Orens argues that another court in this Circuit "recognized a limited damages remedy for violations of rights protected under the New York State Constitution."  *See* Docket Item 19 at ¶ 28 (citing *Isaac v. City of New York*, 2018 WL 5020173 (E.D.N.Y. Aug. 6, 2018), *report and recommendation adopted*, 2018 WL 4583481 (E.D.N.Y. Sept. 24, 2018)).  But as Orens concedes, the court in that case "found [] that [the] plaintiff could not seek damages" directly under the New York State Constitution because "the same conduct complained of [was] the subject of a [section] 1983 claim and[] . . . a state law [and] tort claim."  *Id.*; *see also Isaac*, 2018 WL 5020173, at *19 ("Because [the] plaintiff's state constitutional claims are based on the same conduct as those he asserts under section 1983, this Court recommends dismissal of his state constitutional claims against the individual defendants.").

15

### III.    LEAVE TO AMEND

Judge Foschio considered whether Orens should have the opportunity to replead his claims against the Erie defendants and ultimately concluded that leave to amend would be "futile."  Docket Item 16 at 18-19 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Orens did not separately object to that recommendation, nor did he request leave to amend in his response brief or move to amend his complaint.  And Orens did not reply to any of the Erie defendants' arguments opposing his objection, nor has he suggested how the deficiencies in his complaint might be remedied.

"While leave to amend under the Federal Rules of Civil Procedure is 'freely g[iven],' no court can be said to have erred in failing to grant a request that was not made."  *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (quoting Fed. R. Civ. P. 15(a)).  Orens now has had two opportunities to request leave to amend—before Judge Foschio and before this Court—but has taken neither.  And Orens's objection does not explain how any amendment could cure the deficiencies in his complaint or even address much of Judge Foschio's reasoning in the R&R; instead, Orens devotes significant sections of his objection to arguments that are directly copied from his response to the motion to dismiss.  *Compare, e.g.*, Docket Item 19 at ¶¶ 19-27, *with* Docket Item 11-1 at ¶¶ 13-20.

In light of all that, this Court agrees with Judge Foschio that "leave to amend is unlikely to be productive."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Orens's claims against the Erie defendants are dismissed without leave to amend.

**CONCLUSION**

For the reasons stated above and in the R&R, the Erie defendants' motion to dismiss, Docket Item 2, is GRANTED, and Orens's claims against the Erie defendants are dismissed. The Clerk of the Court shall terminate Erie County Central Police Services, the Erie County Sheriff's Office, and the County of Erie as defendants to this case. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of July 28, 2020, Docket Item 5.

SO ORDERED.

Dated:	September 27, 2022
	Buffalo, New York

                                          /s/ Lawrence J. Vilardo
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE