Mr. Richard T. Sullivan, Esq.
Mr. Michael J. Chmiel, Esq.
Ms. Katie L. Renda, Esq.
Chelus, Herdzik, Speyer & Monte, PC
438 Main Street, Tenth Floor
Main Court Building
Buffalo, New York 14202-3210

                          Re: Orens v. Amherst Police
                               Department, et al
                               Civil Action No. 20-CV-778V(F)
                               Sent by CM/ECF system

Dear Consulars:

       As you know, we had our initial Mediation Conference in District Court before Mediator Michael Menard on January 26, 2023 and we are scheduled to continue Mediation on March 15, 2023 before Mediator Menard.

       You are aware that this instant action was commenced on January 14, 2020 under Supreme Court, Erie County Index Number 800637/2020 and was removed to the United States District Court for the Western District of New York on June 23, 2020 by the since dismissed Erie County Defendants. The case has been in a holding pattern without Discovery and meaningful settlement negotiations since the Erie County Defendant's filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6); with over three (3) years passing since commencement and no resolution of the matter for the parties involved.

       Since the District Court Granted Defendants' Erie County Central Police Services, Erie County Sheriff's Office, and County of Erie, New York 12(b)(6) Motion and neither the Plaintiff, Richard Orens, nor Defendants Amherst Police Department and Town of Amherst, New York have Appealed the District Court's Order to the Second Circuit Court of Appeals; the

Mr. Richard J. Zielinski, Esq.
Mr. Michael J. Chmiel, Esq.
Ms. Katie L. Renda, Esq.
March 7, 2023
Page 2

Plaintiff believes that the parties can agree that liability rests with the remaining Defendants herein.

In the interest of moving this matter forward to a conclusion for all involved, the Plaintiff suggests that the parties engage in extensive out of court settlement negotiations. The Plaintiff has authorized me to settle this matter for one hundred twenty five thousand ($125,000.00) Dollars based upon my rereview of this case, applicable cases, case law, and similar facts.

In my July 7, 2022 letter to the Defendants at that time for engagement in settlement negotiations that was not responded to; that settlement demand was for seventy five thousand ($75,000.00) Dollars.

As I have stated above, my rereview of the facts and law of this case, applicable cases, case law, and similar facts in other cases, together with my experience in litigating and settling similar actions has caused the Plaintiff, Richard Orens to authorize settlement of this action for one hundred twenty five thousand ($125,000.00) Dollars based upon the following:

1) The Plaintiff's motor vehicle was stopped in the Village of Kenmore on January 14, 2019 by the Village of Kenmore. During the investigation, he was informed by Officers of the Kenmore Police Department that he had an active Arrest Warrant in the Town of Amherst, New York for the charge of Issuing a Bad Check in violation of Section 190.05 of the Penal Law for an offense that occurred in or about 2002. The offense was legally closed when the Plaintiff plead guilty to the charge of Issuing a Bad Check in violation of Section 190.05 of the Penal Law in 2003.

2) Plaintiff plead guilty on or about February, 2003 to Forgery in the Second Degree in violation of Section 170.10 of the Penal Law for a matter that originated in the Town of Amherst, New York when the Plaintiff who had an office for the regular transaction of business in the town issued approximately $21,000.00 in bad checks. The criminal case was then transferred to Superior Court, where the Plaintiff plead guilty to Forgery in the Second Degree in violation of Section 170.10 of the Penal Law before the Honorable Nelson H. Cosgrove, JSC.

3) The Plaintiff was scheduled to be sentenced on the plea in or about May, 2003. Plaintiff subsequently absconded from his sentence date and was at large. The Plaintiff surrendered to authorities in or about November, 2003 to be sentenced and was subsequently sentenced by Justice Cosgrove to an indeterminate sentence of two (2) to four (4) years with the New York Department of Corrections.

Mr. Richard J. Zielinski, Esq.
Mr. Michael J. Chmiel, Esq.
Ms. Katie L. Renda, Esq.
March 7, 2023
Page 3

4) Thereafter, the Plaintiff plead guilty to two (2) charges of Issuing a Bad Check in violation of Section 190.05 of the Penal Law, one (1) charge was disposed of in the Town of Clarence, New York and the other is the present charge at issue in this action was disposed of in the Town of Amherst Court, were the Plaintiff was sentenced by both Courts to have his sentences for violating Section 190.05 of the Penal Law run concurrently with his indeterminate sentence of two (2) to four (4) years with the Department of Corrections.

5) During his indeterminate sentence of two (2) to four (4) years with the Department of Corrections, the Plaintiff was involved in a work release program and had an active Arrest Warrant be issued against him at that time, Plaintiff would not have been eligible for the State's work release program.

6) The Plaintiff has been stopped by various police agencies for minor Vehicle and Traffic violations approximately five (5) times since 2003 and has never been detained and/or informed of the existence of an "active warrant" with the Amherst Police Department. Further, Plaintiff was employed in 2015 by United Parcel Service as a driver and as part of the application and screening process, Plaintiff underwent a very thorough background check.

7) The Plaintiff was placed in custody and turned over to the Amherst Police Department. Plaintiff subsequently appeared in the Town of Amherst Justice Court before the Honorable Kara A. Buscaglia, where Judge Buscaglia informed the Plaintiff that he had not been arraigned for the charge of Issuing a Bad Check in violation of Section 190.05 of the Penal Law which dated back to 2003.

8) Plaintiff was remanded to the Custody of the Sheriff of Erie County where he remained in custody from January 14, 2019 to January 17, 2019, a total of four (4) days of having his liberty unconstitutionally and illegally deprived of, when subsequently the Plaintiff was released by the Amherst Justice Court and the "charge" was "dismissed" pursuant to Section 30.30 of the Criminal Procedure Law. In fact, that charge had been disposed of in 2003 when the Plaintiff plead guilty to the charge of Issuing a Bad Check in violation of Section 190.05 of the Penal Law and was sentenced to a term of imprisonment to run concurrently with the indeterminate sentence of Justice Cosgrove of two (2) to four (4) years with the Department of Corrections.

Mr. Richard J. Zielinski, Esq.
Mr. Michael J. Chmiel, Esq.
Ms. Katie L. Renda, Esq.
March 7, 2023
Page 4

9) The actions of the Amherst Police Department in entering the Plaintiff's name for an "active warrant" into New York State Spectrum Justice System (SJS) and in turn the Federal Bureau of Investigation National Crime Information Center (NCIC) for a criminal case that was disposed of years earlier was negligent and without basis in fact and/or law. The actions of the Amherst Police Department caused the Plaintiff to be falsely arrested, falsely imprisoned, to suffer abuse of process by another police agency and the Amherst Police, to be placed twice in life and limb for the same offense, and to be unconstitutional and illegally deprived of his liberty for four (4) days.

10) The unconstitutional and illegally deprivation of the Plaintiff's liberty for four (4) days caused him to lose his employment with Mr. Handy, where he was performing lite construction work. In addition, Mr. Orens lost a manager's position offer at Jim's Steak Out on Elmwood and Allen in Buffalo while being unconstitutionally and illegally incarcerated. Mr. Orens was separated and kept from his wife and two (2) children during these four (4) days, adding to his and his family's damages.

The Plaintiff is willing to entertain good faith counter offers and to engage in good faith negotiations with the Defendants involved.

This letter is for settlement and negotiation purposes only, is inadmissible in any proceeding and is made without prejudice to the Plaintiff.

This office looks forward to the Defendants' response to the Plaintiff's settlement proposal.

Very truly yours,

Frank S. Falzone, Esq.

cc: Hon. Lawrence J. Vilardo, U.S.D.J.
    Hon. Leslie G. Foschio, U.S.M.J.
    Mediator Michael Menard