UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD ORENS,

        Plaintiff,

v.

AMHERST POLICE DEPARTMENT,
TOWN OF AMHERST NEW YORK,

        Defendants.
_____

**DECISION
and
ORDER**

20-CV-778LJV(F)

| | |
|---|---|
| APPEARANCES: | FRANK S. FALZONE, ESQ.<br>Attorney for Plaintiff<br>Naples Professional Building<br>215 Hampshire Street<br>Buffalo, New York 14213 |
| | CHELUS, HERDZIK, SPEYER & MONTE, P.C.<br>Attorneys for Defendants<br>MICHAEL J. CHMIEL,<br>KATIE L. RENDA,<br>RICHARD J. ZIELINSKI, of Counsel<br>438 Main Street<br>10th Floor<br>Buffalo, New York  14202 |

In this § 1983 action alleging Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights and state law claims for abuse of process, negligent infliction of emotional distress, based on Plaintiff's arrest by Defendants on an invalid arrest warrant, by papers filed August 17, 2023, Defendants moved, pursuant to Fed.R.Civ.P. 37(a)(3)(A), to compel Plaintiff's compliance with Fed.R.Civ.P. 26(a)(1) ("Rule 26(a)(1)"), requiring parties to file initial disclosures (Dkt. 32).  Defendants also request the Scheduling Order be amended to grant additional time to proceed with discovery (Dkt. 32-1 ¶ 18).  Specifically, Defendants assert Plaintiff has failed to comply

with the court's case management order, filed November 19, 2022 (Dkt. 25) ("the Scheduling Order"), which required such initial disclosures be served by the parties by January 13, 2023.  See Dkt. 25 ¶ 3 ("Defendant's motion").

In Defendant's motion, Defendants aver Defendants complied with the Scheduling Order's direction requiring compliance with Rule 26(a)(1) by serving Plaintiff with Defendants' initial disclosures on January 12, 2023.  Dkt. 32-2 at 5.  According to Defendants, Plaintiff has, to date, failed to comply with the Scheduling Order's direction with respect to the service of Plaintiff's initial disclosures as well as Plaintiff's failure to commence discovery, as required by the Scheduling Order, by December 26, 2022.  See Dkt. 32-2 at 5 (referencing Dkt. 25 ¶¶ 3, 8).  As a result of Plaintiff's failure to commence discovery in accordance with the Scheduling Order, Defendants assert Defendants have been prejudiced in preparing a defense.  See Dkt. 32-2 at 6.  By Text Order filed August 18, 2023, Plaintiff's response to Defendants' motion was due September 1, 2023.  See Dkt. 33.  To date, no response to Defendants' motion has been filed by Plaintiff.

A party's failure to respond to a motion to compel concedes the merits of the motion.  See Lennon v. Allegiance Accounting Services, LLC, 2020 WL 13441772, at * 1 (W.D.N.Y. Oct. 20, 2020) (a party's "unexcused failure to response to a motion to compel permits the court to deem the merits of the motion to be conceded").  Accordingly, Plaintiff's failure to timely respond to Defendants' motion concedes Defendants' motion has merit and, as such, should be granted.  However, contrary to Defendants' assertion, while a party's failure to timely commence discovery may violate a Scheduling Order, it does not preclude the other party from taking discovery in a

federal civil case. See Fed.R.Civ.P. 26(d)(3)(A) (absent a stipulation or court order to the contrary, methods of discovery may be used by any party in any sequence), (B) (discovery by one party does not require another party to delay its discovery) ("Rule 26(d)(3)(A) and (B)"). See *Pardee v. E.I. DuPont De Nemours and Co.*, 2008 WL 907367, at * 3 (W.D.N.Y. Mar. 31, 2008) ("Rule [26(d)(3)(B)] does not set forth priority regarding the sequence of discovery . . . ."). Nevertheless, despite Defendants' failure to commence discovery in accordance with the Scheduling Order and as permitted by Rule 26(d)(3)(A) and (B) notwithstanding Plaintiff's failure to do so, the court, in its discretion, also GRANTS Defendants' request to amend the Scheduling Order in this case.

Plaintiff is reminded of Plaintiff's obligation to comply with the Scheduling Order and that any further failure by Plaintiff to prosecute this action in accordance with an Amended Scheduling Order may result in a dismissal of the action on the merits. See Fed.R.Civ.P. 41(b) (a plaintiff's failure to prosecute action or to comply with Federal Rules of Civil Procedure or a court's order, may result in a dismissal on merits); *Zappin v. Doyle*, 756 Fed.Appx. 110, 111-12 (2d Cir. 2019)).

## CONCLUSION

Based on the foregoing, Defendants' motion [32] is GRANTED. Plaintiff shall serve Plaintiff's initial disclosures in compliance with Rule 26(a)(1) within 30 days of this Decision and Order. The parties shall within 10 days meet and confer regarding an amended Scheduling Order and shall file, either jointly or individually, such proposed amended Scheduling Order.

As required by Fed.R.Civ.P. 37(a)(5)(A), Plaintiff shall show cause <u>within</u> <u>10</u> <u>days</u> why Defendants' expenses, including attorneys fees, incurred in connection with Defendants' motion should not be awarded.  Defendants' response shall be filed <u>within</u> <u>5</u> <u>days</u> thereafter; any reply shall be filed <u>within</u> <u>3</u> <u>days</u>.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  November 2, 2023
        Buffalo, New York