UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD ORENS,

           Plaintiff,

    v.

AMHERST POLICE DEPARTMENT,
TOWN OF AMHERST NEW YORK,

           Defendants.
_____

**DECISION
and
ORDER**

**20-CV-778LJV(F)**

APPEARANCES:        FRANK S. FALZONE, ESQ.
                             Attorney for Plaintiff
                             1405 Sheridan Drive
                             Buffalo, New York 14217

                             CHELUS, HERDZIK, SPEYER & MONTE, P.C.
                             Attorneys for Defendants
                             MICHAEL J. CHMIEL,
                             KATIE L. RENDA,
                             RICHARD J. ZIELINSKI, of Counsel
                             438 Main Street
                             10th Floor
                             Buffalo, New York  14202

      In this § 1983 action alleging violations of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments and state law, by Decision and Order filed November 2, 2023 (Dkt. 34), the court granted, based on Plaintiff's failure to timely oppose, Defendants' motion to compel Plaintiff's disclosures required by Fed.R.Civ.P. 26(a)(1) ("the November 2, 2023 D&O").  In accordance with Fed.R.Civ.P. 37(a)(5)(A), the November 2, 2023 D&O also required Plaintiff to show cause within 10 days why Defendants' expenses incurred in connection with Defendants' motion to compel should not be granted.  By letter dated November 10, 2023, filed November 11, 2023 (Dkt. 35)

("the November 10, 2023 Letter"), Plaintiff informed the court that Plaintiff had consented to an award of $463.08 in attorneys fees plus $13.08 in expenses payable to Defendants' attorney.  Dkt. 35 at 2.  In the letter, Plaintiff also apologized for Plaintiff's failure to provide the mandatory disclosures, *id.* at 2, which Plaintiff asserted had been served on Defendants on November 5, 2023.  *Id.* at 4.  Additionally, Plaintiff states that Defendants improperly included .3 to .4 hours of time which Plaintiff "estimated" Defendants' attorney incurred in reviewing Plaintiff's proposed amended scheduling order to be submitted to the court in compliance with the court's Text Order (Dkt. 34).  *See* Dkt. 35 at 2.

In an affirmation Defendants provided to Plaintiff and filed November 11, 2023 (Dkt. 35-1), Defendants' attorney avers that counsel's billable hours incurred in preparing Defendants' motion amounted to 4.6 hours at a billing rate of $150.00 per hour for a total fee of $690.00 plus a photocopying fee expense of $11.25 and $1.83 in postage for a total requested fee award of $703.08.  *Id.* ¶ 6, 7.  Defendants also filed, on November 17, 2023, counsel's affirmation in which Defendants denied Plaintiff's assertion Defendants had included in Defendants' fee request any time which Defendants' counsel incurred in connection with his review of the proposed joint amended scheduling order, Dkt. 38 ¶ 7,  and requested an additional $75 in expenses incurred upon reading Plaintiff's response for a total award of $778.08.  *Id.* ¶ 14.  In Plaintiff's reply, filed November 20, 2023 (Dkt. 39), Plaintiff reiterates Plaintiff's agreement to a "*quantum meruit*" fee award based on 2.5 to 3 hours of time Plaintiff believes Defendants' attorney should reasonably have expended in preparing Defendants' motion.  Dkt. 39 ¶ 3.   The balance of Plaintiff's 12-page reply is generally

inconsistent with Plaintiff's concession that an award of Defendants' expenses in accordance with Rule 37(a)(5)(A) is justified.  Plaintiff further specifies that on November 13, 2023, Plaintiff tendered Plaintiff's counsel's check to Defendants in the amount of $463.08.  Dkt. 39 ¶ 18.  In Plaintiff's Reply, Plaintiff also complained that Defendants have failed to provide any confirmation as to the amount of time spent on Defendants' motion by Defendants' attorneys or the reasonable hourly billing rate applicable to such motion practice in the Buffalo legal market.  Dkt. 39 ¶ 19.  Plaintiff's assertions are without merit.

      First, the court finds that the 4.6 hours of attorney work incurred by Defendants' counsel, Mr. Richard J. Zielinski, Dkt. 35-1 ¶ 5, to produce Defendants' four-page supporting Declaration (Dkt. 32-1) and a seven-page Defendants' Brief In Support of . . . [Defendants'] Motion To Compel, to be reasonable.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at **2, 3 ("*Scott-Iverson*") (W.D.N.Y. Apr. 14, 20216) (finding defendant's counsel's 18.1 hours of legal work reasonably necessary to draft defendant's fourteen page motion to compel discovery from plaintiff). Here, Defendants' 4.6 hours to prepare an 11-page motion to compel is well-within the time and page parameters approved in *Scott-Iverson* under the required lodestar approach applicable to such motions.  *See Scott-Iverson*, 2016 WL 1457881, at *2 (requiring in Rule 37(a)(5)(A) fee requests court determine the lodestar amount, *i.e.*, the product of a reasonable hourly rate multiplied by a reasonable amount of time spent on preparation and argument of a motion to compel (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  Thus, the amount of time, 4.6 hours, Defendants' counsel spent on preparing Defendants' motion was reasonable.  Similarly, Plaintiff's challenge to

3

Defendants' counsel's hourly billing rate of $150/hour also fails.  First, Plaintiff conceded said rate was reasonable.  *See* Plaintiff's November 10, 2023 Letter, Dkt. 35 at 2, ("[Plaintiff's attorney] concede[s] that a one hundred fifty ($150) Dollar [*sic*] per hour billable rate is a customary *Quantum Meruit* Attorney's Fee amount per hour in the Buffalo, New York legal community.").  Second, this court has approved larger billing rates for experienced litigators and Plaintiff does not contest Mr. Zielinski is an experienced litigator.  *See Scott-Iverson*, 2016 WL 1457881, at *4 (approving, for lodestar calculation purposes, defendant's counsel's hourly billing rate of $210 per hour as below the normal billing rates for a lawyer with 15 years of litigation experience (citing caselaw)).  Thus, Plaintiff's objection to Mr. Zielinski's billing rate is baseless.  As to Defendants' request for an additional $75 representing the time required to review Plaintiff's Reply, the court finds such request to be reasonable.  It cannot be gainsaid that Plaintiff submitted Plaintiff's 13-page Reply without expecting Defendants' counsel would be required to at least read it in order to evaluate whether it necessitated Defendants' response.  *See Ceglia v. Zuckerberg*, 2012 WL 1574747, at *1 (W.D.N.Y. May 3, 2012) ("Courts have permitted parties to recover attorney's fees, including costs and attorney's fees . . . incurred in connection with preparing and defending applications for the expenses.") (citing *Metrokane, Inc. v. Built, NY, Inc.,* 2009 WL 637111, at * 3 (S.D.N.Y. Mar. 6, 2009) (granting defendant's fee application seeking attorneys' fees incurred preparing and defending fee application for expenses related to defendant's discovery motions)).  Accordingly, the court finds Defendants are entitled to a total award of $778.08.

## CONCLUSION

Based on the foregoing, Defendants are awarded $778.08, pursuant to Rule 37(a)(5)(A), for Defendants' expenses incurred in connection with Defendants' motion to compel (Dkt. 32).  Said award shall be paid to Defendants' counsel within 30 days.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  October 15, 2024
        Buffalo, New York